PDEC KS (1110)

**Dairyland Insurance Company**

STACEY M ADDISON
P O BOX 602
SYRACUSE KS  67878

INSURED COPY

# POLICY DECLARATIONS

AGENT PHONE #   (620) 384 - 5402
Named Insured

503546

PAZ, GEISER
PO BOX 509
TRIBUNE KS  67879

|ᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵ|

**THIS IS NOT A BILL**
Keep for your records.

| POLICY NUMBER | |
|---|---|
| **164622889** | |

| TRANSACTION TYPE | Date Printed |
|---|---|
| **Reissue** | 10/02/2018 |

| TRANSACTION EFFECTIVE DATE |
|---|
| **10/03/2018** |

**POLICY TERM**

| Effective Date | Expiration Date |
|---|---|
| **10/03/2018** to | **11/03/2018** |
| 12:01 a.m. Standard Time | 12:01 a.m. Standard Time |

Policy effective at time of application or time agent bound coverage, whichever is later.

**PREMIUM FOR CURRENT TERM**

**ORIGINAL POLICY INCEPTION DATE**

**06/26/2017**

Nothing contained in this Declarations Page changes the effective dates listed on any outstanding bill or cancel notice sent to you.

**POLICY REISSUED WITH A LAPSE IN COVERAGE**

**NO COVERAGE WAS IN EFFECT:**   From  09/17/2018  to 10/03/2018   12:01 a.m.  Standard Time

Coverages and limits you selected or other selections, rejections or exclusions that you made on your policy before the lapse in coverage continue to apply to this policy.  Please contact your agent if you wish to make changes to this policy.

**VEHICLE INFORMATION** / **SYMBOLS**

| Veh. # | Year | Make | Model | Vehicle Id. # | BI | PD | MP | PIP | COMP | COLL | Terr. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Rated Driver | | Rated Dr. DOB | Gen. | Mar. | Garage Zip | | Use | Type | Rating Points | Anti-Theft |
| **1** | 2005 | TOYO | HIGHLANDER/LTD. | JTEDP21A150043345 | KDF | EAC | | HBC | | | 9 | |
| | EXCESS VEHICLE | | | | | | 67879 | | PER | R | 0 | N |
| **2** | 2008 | FORD | F150 SUPERCAB | 1FTRX12W18KD27940 | DDF | DAC | | GEE | | | 9 | |
| | PAZ, GEISER | | | 04/23/1990 | M | S | 67879 | | PER | R | 0 | N |
| **3** | 1998 | FORD | RANGER | 1FTZR15X4WPA30286 | DDF | DAB | | GEE | | | 9 | |
| | EXCESS VEHICLE | | | | | | 67879 | | PER | R | 0 | N |
| **4** | 1995 | TOYO | 4RUNNER SR5/LIMITED | JT3VN29V8S0041078 | KDF | EAC | | HBC | | | 9 | |
| | EXCESS VEHICLE | | | | | | 67879 | | PER | R | 0 | N |

**CREDITS/DISCOUNTS THAT APPLY TO THIS POLICY**

MULTI-CAR

**EXHIBIT**

**A**

1      1    9003546      18275              00270200443469528787678779

| COVERAGES | | PREMIUM | | | |
|---|---|---|---|---|---|
| Coverage | Limits/Deductibles | Vehicle # 1 | Vehicle # 2 | Vehicle # 3 | Vehicle # 4 |

**This policy provides only those coverages where a charge is shown in the premium columns below.**

| Coverage | Limits/Deductibles | Vehicle # 1 | Vehicle # 2 | Vehicle # 3 | Vehicle # 4 |
|---|---|---|---|---|---|
| BODILY INJURY LIABILITY | $50,000 EACH PERSON<br>$100,000 EACH ACCIDENT* | ■ | ■ | ■ | ■ |
| UNINSURED MOTORIST<br>BODILY INJURY | $50,000 EACH PERSON<br>$100,000 EACH ACCIDENT* | ■ | ■ | ■ | ■ |
| PERSONAL INJURY PROT | NO DEDUCTIBLE | ■ | ■ | ■ | ■ |
| PROPERTY DAMAGE LIABILITY | $50,000  EACH ACCIDENT* | ■ | ■ | ■ | ■ |

**\* Limit of Liability each accident or occurrence as indicated by the Insuring Agreement**

| | VEHICLE PREMIUM TOTALS | ■ | ■ | ■ | ■ |
|---|---|---|---|---|---|

| PREMIUM SUMMARY |
|---|

**TOTAL MONTHLY AMOUNT** ▮

**An additional fee may apply to future payments**

| DRIVER INFORMATION | | | | | | | |
|---|---|---|---|---|---|---|---|
| Driver # | Driver Name | Birth Date | Gender | Marital | SR22 | MVR | DD Course Date |
| 1 | PAZ, GEISER | 04/23/1990 | M | S | N | N | |

| SURCHARGES THAT APPLY TO THIS POLICY |
|---|

FOREIGN OPERATOR

| POLICY FORMS |
|---|

The following policy forms and endorsements apply to the coverages as listed in the COVERAGE section:

| KS1101-0215 | PAP1(12/13) | PIP1-KS-0215 | PPA-KS-1015 | SD1-KS(05/07) |
|---|---|---|---|---|

---

**ANY RENEWAL OF THIS POLICY SHALL BE SUBJECT TO THE RENEWAL PROVISION UNDER THE GENERAL POLICY PROVISIONS.**

This policy is effective on the date shown on the face of these declarations. These declarations form a part of the policy and replace all previously issued declarations for this policy. If these declarations are accompanied by a new policy, this policy replaces any which may have been issued previously with the same policy number.

Peak Property and Casualty Insurance Corporation



**IN CASE OF AN ACCIDENT, PLEASE CALL 1-800-334-0090.**
**CLAIMS CAN BE REPORTED 24 HOURS A DAY.**

**Important:** This insurance policy is a legal contract between **you** and **us**.

**Read Your Policy Carefully**. This index of policy provisions provides a brief outline of some of the important features of **your** policy. But, the index is not the insurance contract. Only the actual policy provisions will dictate. The policy sets forth in detail the rights and obligations of both **you** and **us**.

# PERSONAL AUTO POLICY.

**Agreement.**

**What To Do In Case Of A Car Accident or Loss.**
    Notice of Car Accident or Loss.
    Other Duties.

**Definitions Used Throughout This Policy.**

**Part I – Liability Coverage.**
    Additional Definitions Used in This Part Only.
    Additional Payments.
    Exclusions.
    Conformity with Financial Responsibility Laws.
    Out of State Insurance.
    Limits of Liability.
    Other Insurance.

**Part II – Medical Payments Coverage.**
    Additional Definitions Used In This Part Only.
    Exclusions.
    Limits of Liability.
    Other Insurance.
    Our Rights to Recover Payment.

**Part III – Uninsured Motorists Coverage.**
    Additional Definitions Used in This Part Only.
    Exclusions.
    Limits of Liability.
    Other Insurance.
    Arbitration.

**Part IV – Car Damage Coverage.**
    Additional Definitions Used in This Part Only.
    Your Deductible.
    Settlement of Loss.
    Appraisal.
    Transportation Expenses.
    Exclusions.
    Limits of Liability.
    No Benefit to Bailee.
    Other Insurance.

**Part V – General Provisions.**
    Territory.
    Changes.
    Two or More Cars Insured.
    Lawsuit Against Us.
    Our Recovery Rights.
    Assignment.
    Bankruptcy.
    Electronic Signatures.
    Out of State Insurance.
    Joint and Individual Interests.
    Renewal of This Policy.
    Cancellation or Nonrenewal of This Policy.
    Misrepresentations.

**Notice of Our Information Practices.**

## AGREEMENT.

In return for **your** premium payment, **we** will insure **you** for the coverages up to the limits of liability for which a premium is shown on **your** Declarations Page. However, acceptance by **us** of premium payments submitted by **you** or on **your** behalf does not, in and of itself, satisfy coverage conditions. This agreement is subject to the terms and conditions of this policy. This insurance applies only to **car accidents** and **losses** which happen while this policy is in force. This policy is issued by **us** in reliance upon the statements which **you** made in **your** application for insurance. **We** may also ask **you** for updated information after the policy has issued. **We** rely upon **you** to provide **us** with accurate information. This policy, **your** application (which is made a part of this policy as if attached), and **your** Declarations Page include all the agreements between **you** and **us** relating to this insurance. If **you** have made any **misrepresentations** in **your** application or when subsequently asked, this policy may not provide any coverage.

1    7   9000001    18194  N

## WHAT TO DO IN CASE OF A CAR ACCIDENT OR LOSS.

**Notice of Car Accident or Loss.**

In the event of a **car accident** or **loss**, prompt notice must be given to **us**. This must include the time, place and facts of the **car accident** or **loss**. **Your** name, address, the best way to contact **you** and any involved persons and witnesses must be provided. The information which **you** give to **us** must be truthful and accurate.

**Other Duties.**

Any person claiming any coverage under this policy must:

(1) Cooperate and assist **us** in any matter regarding a claim or lawsuit.

(2) Promptly send **us** any legal or other papers relating to a claim or lawsuit.

(3) Submit to physical exams at **our** expense by doctors **we** select. This must be as often as **we** reasonably require.

(4) Authorize **us** to obtain medical, wage and other records.

(5) Submit separately to recorded statements and exams under oath. Provide sworn statements. This must be done as often as **we** reasonably require.

(6) Avoid making any voluntary payments except at **your** own expense. Avoid making any obligation or incurring any expense.

(7) Promptly complete and return any forms **we** send to **you.**

(8) Permit **us** to retrieve data from the event data recorder of the vehicle involved in the **car accident.**

(9) Promptly notify the police of the accident if a hit-and-run driver is involved.

(10) Take reasonable steps after **loss** to protect **your insured car** and its equipment from further **loss**. **We** will pay reasonable expenses incurred in providing that protection. Any additional **loss** because of **your** failure to take reasonable steps to protect **your insured car** will not be covered.

(11) Promptly report any theft or vandalism of **your insured car** or its equipment to the police.

(12) Allow **us** to inspect and appraise the damage to **your insured car** before its repair or disposal.

Failure to perform or comply with any of these duties may result in the refusal of coverage, protection or a reduced **loss** payment.

## DEFINITIONS USED THROUGHOUT THIS POLICY.

(1) **"We", "us"** and **"our"** mean the Company shown on **your** Declarations Page providing this insurance.

(2) **"You"** and **"your"** mean the person(s) shown as the Named Insured on **your** Declarations Page. **You** and **your** also means that person's spouse if residing in the same household.

(3) **"Relative"** means a person living in **your** household. This person must be related to **you** by blood, marriage or adoption. **Relative** includes a ward, foster child or a minor under **your** guardianship who lives in **your** household. **Your** unmarried dependent children living temporarily away from home qualify as a **relative** only if they intend to continue to live in **your** household. Any **relative** who is of legal driving age or older must be listed on the application or endorsed on the policy. This must occur prior to a **car accident** or **loss.**

(4) **"Regular operator"** means any person of legal driving age or older and a resident of **your** household. **Regular operator** also means any person who drives **your insured car** while it is furnished or available for their regular use.

(5) **"Bodily injury"** means bodily harm, or sickness, disease or death.

(6) **"Property damage"** means damage to or destruction of real or tangible personal property. This includes loss of that property's use. It does not include electronically stored information or other intangible property.

(7) **"Car"** means a four-wheeled land **motor vehicle**, licensed for use on public roads and not used for commercial purposes, which is:

   (A) Of the private passenger sedan, station wagon, minivan or jeep type, with a gross vehicle weight rating (GVWR) of 10,000 pounds or less; or

   (B) Of the pickup, 6-wheel dually, sport utility, van or panel truck type, with a gross vehicle weight rating (GVWR) of 14,000 pounds or less.

(8) **"Your insured car"** means all of the following.

   (A) Any **car** described on **your** Declarations Page, for which a premium charge is shown.

   (B) Any **car** that permanently replaces a **car** described on **your** Declarations Page during the policy period. With respect to coverage under Parts I, II and III of this policy, the replacement **car** will be afforded the same coverage as the **car** it replaces. Coverage will apply as of the date **you** acquire the **car**, but only if **you** ask **us** to insure it

within fourteen (14) days of its acquisition. Coverage under Part IV and other optional coverages will apply to the replacement **car** as of the date **you** acquire the **car** only if **you** expressly ask for it within three (3) days of its acquisition. **We** must also agree to provide the coverage before it will apply. In all other cases, any coverage **you** request will apply no earlier than the date and time **you** contact **us** to request it and **we** agree.

(C) Any additional **car you** acquire ownership of during the policy period that does not permanently replace a **car** described on **your** Declarations Page, but only if **we** insure all other **cars you** own. With respect to coverage under Parts I, II and III of this policy, the additional **car** will be afforded the same coverage as any other **car** described on **your** Declarations Page. Coverage will apply as of the date **you** acquire the **car**, but only if **you** ask us within fourteen (14) days of its acquisition. Coverage under Part IV and other optional coverages will apply to the additional **car** as of the date **you** acquire the **car** only if **you** expressly ask for it within three (3) days of its acquisition. **We** must also agree to provide the coverage before it will apply. In all other cases, any coverage **you** request will apply no earlier than the date and time **you** contact **us** to request it and **we** agree.

(D) Any **car** not owned by **you** while being used temporarily by **you** or a **relative**. The use must be with the owner's permission. The **car** must be a substitute for a vehicle described on **your** Declarations Page which is withdrawn from normal use due to breakdown, repair, servicing, **loss** or destruction. This provision applies only to coverages provided in Parts I, II and III of this policy.

A **car** leased to a person under a written agreement for a constant period of at least six (6) months shall be deemed to be owned by that person.

(9) **"Motor vehicle"** means a land **motor vehicle**, but does not mean a vehicle as described below.

(A) Operated on rails.

(B) Operated on crawler-treads.

(C) A farm type tractor or equipment designed for use mainly off public roads when not used on public roads.

(D) An all-terrain or other recreational vehicle type, not licensed or designed for use on public roads.

(E) Being used as a residence.

(F) Being used as a premise.

(10) **"Auto Business"** means the business of selling, repairing, servicing, storing, or parking **cars.** It also means the business of transporting, delivering, testing, road testing or repossessing **cars.**

(11) **"Occupying"** means in, getting in, or getting out of.

(12) **"Car Accident"** means an unexpected and unintended event that causes **bodily injury** or **property damage.** It must have arisen out of the ownership, upkeep, or use of a **car** or **motor vehicle.**

(13) **"Loss"** means direct, sudden and accidental damage or theft of **your insured car** or its covered equipment**.**

(14) **"State"** means the District of Columbia, and any **state**, territory or possession of the United States.

(15) **"Misrepresent"** or **"Misrepresentation"** means providing information to **us** that is known by **you** to be false, misleading or fraudulent. This could be presented to **us** during the application for coverage, or during the policy period. It must affect either the eligibility for coverage and/or the premium that is charged. Concealing information relevant to the application, or maintenance of coverage, is also **misrepresentation.**

---

## PART I – LIABILITY COVERAGE.

This coverage applies only if a premium is shown for it on **your** Declarations Page.

**We** will pay damages for which any **insured person** is legally liable because of **bodily injury** and/or **property damage** caused by a **car accident.** The **car accident** must have arisen out of the ownership, upkeep or use of a **car. We** will settle any claim or defend any lawsuit which is payable under the policy as **we** deem appropriate.

**We** have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**Our** duty to settle or defend ends when **our** limit of liability for this coverage has been tendered or paid.

**Additional Definitions Used in This Part Only.**

As used in this Part, these definitions apply.

(1) **"Insured person"** or **"insured persons"** means all of the following.

(A) **You.**

(B) A **relative.**

(C) Any person using **your insured car.**

No one is considered an **insured person** if they use a **car** without the permission or outside the scope of the permission of the owner.

None of the following are **insured persons** for this coverage.

(A) The United States (U.S.) Government.

(B) Any other government or civil authority.

(C) Any person operating a **motor vehicle** as an employee of the U.S. Government, when the provisions of the Federal Tort Claims Act apply.

(2) "**Contamination**" means any unclean, unsafe, damaging, injurious, or unhealthy condition. The condition must have arisen from **pollutants**, whether permanent or transient.

(3) "**Pollutants**" means smoke, vapors, soot, fumes, acids, sounds, alkalis, chemicals liquids, solids, gases, thermal substances. It includes any other irritants and impurities.

### Additional Payments.

**We** will pay, in addition to **our** limit of liability, all of the following.

(1) Costs **we** incur when settling any claim or in the defense of any lawsuit. This does not include awards to the plaintiff.

(2) Interest on damages awarded in any lawsuit **we** defend for the portion of damages that does not exceed **our** limit of liability. The interest must accrue after entry of judgment and before **we** have paid. **Our** offer to pay will also stop interest accrual. Interest will stop accruing if **we** deposit in court that portion of the judgment which is not more than **our** limit of liability.

(3) Premiums on bonds required in any lawsuit **we** defend. **We** will not pay the premium for a bond that is more than **our** limit of liability. **We** have no duty to apply for or furnish bonds.

(4) Up to $200 a day of lost wages when **we** ask an **insured person** to attend trials or hearings.

(5) Any other reasonable expenses incurred by an **insured person** at **our** specific request.

### Exclusions.

Coverage and **our** duty to defend does not apply to any of the following.

(1) **Bodily injury** or **property damage** arising out of the ownership, upkeep or use of any vehicle when used to carry persons or property for compensation or a fee. This includes, but is not limited to, delivery of newspapers, magazines, food, or any other products. This exclusion does not apply to shared-expense car pools.

(2) **Bodily injury** or **property damage** caused with intent by, or at the direction of, an **insured person**. This exclusion applies when an **insured person** commits an act which is reasonably certain to cause harm or damage. This exclusion applies even if the actual result is different than that which was intended or expected.

(3) **Bodily injury** or **property damage** that results from nuclear reactions, radiation or fallout. **Bodily injury** or **property damage** with respect to which any person is insured under nuclear energy liability insurance is also excluded, even if the limits of that insurance are exhausted.

(4) **Bodily injury** to an employee or a fellow employee of an **insured person** that arises during the course of employment. This exclusion does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that employee.

(5) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle, including **your insured car**, when used for any business purpose. This exclusion does not apply to:

  (i) Use of **your insured car** by **you** or a **relative** for farming or ranching.

  (ii) The use of **your insured car** by **you** for **auto business** operations.

  (iii) Business use that has been disclosed to and accepted by **us**.

  (iv) Business use that is infrequent and not otherwise excluded under this policy.

(6) Damage to property owned by, rented to, being transported by, used by, or in the charge of an **insured person**. This exclusion does not apply to damage to a private residence or garage rented to **you** or a **relative**. A **motor vehicle** operated by an **insured person** is considered to be property in the charge of an **insured person**.

(7) **Bodily injury** or **property damage** assumed by an **insured person** under any contract or agreement.

(8) **Bodily injury** or **property damage** arising out of the ownership, upkeep or use of **your insured car** while it is being leased or rented to others.

(9) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle other than **your insured car**. This exclusion applies only if the vehicle is owned by, or furnished or available for regular use by **you** or a **relative**.

(10) **Bodily injury** to **you** or a **relative**.

(11) **Bodily injury** or **property damage** caused while any vehicle is used in, or preparing for, any racing, speeding, stunt, performance or demolition activity. This exclusion applies whether or not such activity is prearranged or organized.

(12) **Bodily injury** arising out of or related to **pollutants** and/or **contamination**.

(13) **Bodily injury** or **property damage** arising out of the loading or unloading of any **car**. This exclusion does not apply to **you** or a **relative**.

(14) **Bodily injury** or **property damage** arising out of the use of a vehicle for snow removal.

(15) **Bodily injury** or **property damage** arising out of the ownership, upkeep or use of any **car** while it is being used in connection with any type of personal vehicle sharing program.

(16) **Bodily injury** or **property damage** arising out of the use of a vehicle in any illegal trade or transportation.

(17) **Bodily injury** or **property damage** arising out of the use of a vehicle in the commission of a non-vehicular felony. This includes the attempt to elude arrest by a law enforcement official.

(18) Punitive or exemplary damages**.**

### Conformity with Financial Responsibility Laws.

If **we** certify this policy as proof of compliance under any financial responsibility law, it will comply with that law to the extent of the coverage required by the law. **You** must repay **us** if **we** have to make a payment that **we** would not have had to make if this policy were not certified.

### Out of State Insurance.

If an **insured person** must comply with the financial responsibility law of another **state**, this policy will provide any broader coverage. This provision also applies to the compulsory insurance law or similar laws of another **state**. The **insured person** must be subject to those laws because of the ownership, upkeep or use of **your insured car** in that **state**. Any broader coverage so afforded shall be reduced to the extent that other liability coverage applies. No person may, in any event, collect more than once for the same elements of **loss**.

### Limits of Liability.

Subject to the following terms, the limits of liability shown on **your** Declarations Page are the most **we** will pay in damages for any one **car accident**.

(1) The **bodily injury** liability limit for "each person" is the maximum limit for all claims by all persons for damages from **bodily injury** to one person. This limit includes all family member claims, claims for care and loss of services, loss of companionship, loss of society and loss of consortium.

(2) Subject to the **bodily injury** liability limit for "each person", the **bodily injury** liability limit for "each accident" is the total limit for all claims for damages from **bodily injury** to two or more persons in any one **car accident**. This limit includes all family member claims, claims for care and loss of services, loss of companionship, loss of society and loss of consortium.

(3) The **property damage** liability limit for "each accident" is the limit for all claims for damages, by all persons to property in any one **car accident**. These damages may be direct or indirect.

**We** will pay no more than these limits despite of any of the following.

(1) The number of vehicles described or premiums shown on **your** Declarations Page.

(2) The number of **insured persons.**

(3) The number of claims made or lawsuits filed.

(4) The number of persons making claims.

(5) The number of policies issued by **us.**

(6) The number of vehicles involved in the **car accident.**

Any amount payable to any person under this part will be reduced by any amount paid or payable to that person under Part II or Part III.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

If this policy provides coverage that exceeds the limits required by the applicable Financial Responsibility laws, then such excess coverage shall not apply to the operation, upkeep, or use of **your insured car** by any person other than **you** or a **relative.** This limitation shall not apply to liability incurred by **you** or a **relative.**

### Other Insurance.

If there is other applicable coverage on a **loss** covered by this Part, **we** will pay only **our** share of the damages. **Our** share is the ratio that the limits of liability bear to the total of all applicable limits.

For coverage afforded under this Part for a **car you** do not own, this coverage is excess over any other applicable insurance.

Coverage under this Part will be primary for the use of **your insured car** by **you** or any rated driver listed on **your** Declarations Page. For any other person using **your insured car**, this coverage will be excess over any other applicable insurance.

---

## PART II - MEDICAL PAYMENTS COVERAGE.

This coverage applies only if a premium is shown for it on **your** Declarations Page.

This coverage does not apply at all if there is any Personal Injury Protection Coverage in effect at the time of the **car accident.**

Any rights to payment under this Part no longer exist to the extent an **insured person** recovers payment from the responsible party.

**We** will pay the **usual and customary charge** for reasonable and necessary expenses incurred within one year from the date of **car accident.** The expenses must be for medical and funeral services because of **bodily**

**injury** sustained by an **insured person** and caused by a **car accident.**

Reasonable medical expenses do not include expenses described as follows.

(1) For treatment, services, products or procedures that are untried, for research, or not primarily designed to serve a medical purpose, or are not commonly recognized throughout the medical profession and within the United States as appropriate treatment of **bodily injury;**

(2) Incurred for the use of thermography or other related procedures of a similar nature.

(3) Incurred for the use of acupuncture or other related procedures of a similar nature.

(4) Incurred for the purchase or rental of equipment not primarily designed to serve a medical purpose.

### Additional Definitions Used In This Part Only.

As used in this part:

(1) **"Insured person"** or **"insured persons"** means any of the following.

    (A) **You** or a **relative** while **occupying your insured car.**

    (B) **You** or a **relative** as a pedestrian when struck by a **motor vehicle.**

    (C) Any other person while **occupying your insured car** while the **car** is being used by **you** or another person with **your** permission.

    No one is considered an **insured person** if they use a **car** without the permission or outside the scope of the permission of the owner.

(2) **"Usual and customary charge"** means an amount which **we** determine as a customary charge for services in the region in which the service is rendered. **We** may determine this charge through the use of independent sources of **our** choice.

### Exclusions.

This coverage does not apply to **bodily injury** described as follows.

(1) Sustained while **occupying your insured car** when used to carry persons or property for compensation or a fee. This includes but is not limited to delivery of newspapers, magazines, food, or any other product. This exclusion does not apply to shared-expense **car** pools.

(2) Sustained while **occupying** any vehicle being used as a residence or premises.

(3) Sustained while **occupying** a **motor vehicle** with less than four wheels.

(4) Arising out of the ownership, upkeep or use of any **car** while it is being used in connection with any type of personal vehicle sharing program.

(5) Sustained while **occupying** or when struck by any vehicle, other than **your insured car**, which is owned by or furnished or available for regular use by **you.**

(6) Sustained while **your insured car** is being leased or rented to others.

(7) Arising out of the ownership, upkeep, or use of any vehicle including **your insured car**, when used for any business purpose. This exclusion does not apply to:

    (i) Use of **your insured car** by **you** or a **relative** for farming or ranching.

    (ii) The use of **your insured car** by **you** for **auto business** operations.

    (iii) Business use that has been disclosed to, and accepted by, **us.**

    (iv) Business use that is infrequent and not otherwise excluded under this policy.

(8) **Occurring** during the course of employment if benefits are payable under a workers' compensation law, disability benefits or other similar laws. This exclusion also applies when benefits are required to be provided under similar laws.

(9) Caused by, or as an effect of, war (declared or undeclared), civil war, insurrection, riot, acts of terrorism, rebellion, or revolution. This exclusion also applies to damages caused by nuclear reaction, radiation or radioactive contamination.

(10) Sustained while **occupying** any vehicle being used in or to prepare for any racing, speed, stunt, performance or demolition activity, whether or not such activity is prearranged or organized.

(11) Intentionally caused by or at the direction of an **insured person.** This exclusion applies when an **insured person** commits an act which is, to a large extent, certain to cause harm or damage. This exclusion applies even if the actual result is different than that which was intended or expected.

(12) Caused when a vehicle is being used in the commission of a non-vehicular felony or while attempting to elude arrest by a law enforcement official.

(13) Sustained while **your insured car** is being operated by a **regular operator** who was not reported to **us.** The **regular operator** must be reported on the original application for insurance or otherwise disclosed to **us** and listed on **your** Declarations Page before the **car accident.**

(14) Caused when a vehicle is being used in any illegal trade or transportation.

### Limits of Liability.

**We** will pay no more than the limits of liability shown for this coverage on **your** Declarations Page for each person

injured in any one **car accident** despite any of the following.

(1) The number of vehicles described or premiums shown on **your** Declarations Page.

(2) The number of **insured persons**.

(3) The number of claims made or lawsuits filed.

(4) The number of persons making a claim.

(5) The number of policies issued by **us**.

(6) The number of vehicles involved in the **car accident**.

Any amount payable to any person under this part will be reduced by any amount paid or payable to that person for the same expense under Part I or Part III.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

**Other Insurance.**

This Medical Payments Coverage is excess over any other applicable insurance.

**Our Rights To Recover Payment.**

If **we** make payment under this Part, **we** shall be entitled, to the extent of such payment, to the proceeds of any settlement or judgment recovered from, or on behalf of, any responsible party.

---

## PART III - UNINSURED MOTORISTS COVERAGE.

This coverage applies only if there is a premium shown for it on **your** Declarations Page.

**We** will pay damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**. The **bodily injury** must be caused by a **car accident** and result from the ownership, upkeep or use of an **uninsured motor vehicle**.

Any judgment for damages arising out of a suit brought without **our** consent is not binding on **us**.

**Additional Definitions Used in This Part Only.**

As used in this Part

(1) **"Insured Person"** means any of the following.

(A) **You**.

(B) A **relative**.

(C) Any other person **occupying your insured car** with the permission of **you** or a **relative**.

(D) Any person for damages that person is entitled to recover because of **bodily injury to you**, a **relative** or another occupant of **your insured car**.

No person shall be considered an **insured person** if that person uses a **motor vehicle** without permission of the owner.

(2) **"Uninsured motor vehicle"** means a **motor vehicle** which is:

(A) Not insured by a **bodily injury** liability bond or policy or that does not have liability limits complying with the financial responsibility law of the policy **state**.

(B) A hit-and-run vehicle whose operator or owner is unknown. This vehicle must strike any of the following.

(i) **You**.

(ii) A **relative**.

(iii) A vehicle which **you** or a **relative** are **occupying**.

(iv) **Your insured car**.

There must be actual physical contact with the hit-and-run vehicle.

(C) Insured by a **bodily injury** liability bond or policy at the time of the accident whose insurer is or becomes insolvent or denies coverage.

**"Uninsured motor vehicle"** does not mean a vehicle as described below.

(A) Owned by, furnished or available for **your** regular use or a **relative's** regular use.

(B) Owned or operated by a self-insurer. This must be within the meaning of any **motor vehicle** financial responsibility law, motor carrier law or any similar law. This definition does not apply if that self-insurer is or becomes insolvent.

(C) Owned by a governmental unit or agency.

(D) Designed mainly for use off public roads, while not on public roads.

(E) Operated on rails or crawler treads.

(F) While used as a residence or premises.

**Exclusions.**

This coverage does not apply to **bodily injury** sustained by an **insured person** described by any of the following.

(1) While **occupying** a **motor vehicle** owned by **you** or a **relative** which is not **your insured car**.

(2) When struck by a **motor vehicle** owned by **you** or a **relative**.

(3) While **occupying** a **motor vehicle** with less than four wheels.

(4) If the injured person or the legal representative of that person agrees to any settlement without **our** written consent.

(5) While **occupying your insured car** when used to carry persons or property for compensation or a fee. This includes, but is not limited to, delivery of newspapers, magazines, food, or any other products. This exclusion does not apply to shared-expense **car** pools.

(6) Arising out of the ownership, upkeep, or use of any vehicle including **your insured car**, when used for any business purpose. This exclusion does not apply to:

  (i) Use of **your insured car** by **you** or a **relative** for farming or ranching.

  (ii) The use of **your insured car** by **you** for **auto business** operations.

  (iii) Business use that has been disclosed to, and accepted by, **us**.

  (iv) Business use that is infrequent and not otherwise excluded under this policy.

(7) While any vehicle is being used in or to prepare for any racing, speed, stunt, performance, or demolition activity. This exclusion applies whether or not such activity is prearranged or organized.

(8) While **your insured car** is being operated by a **regular operator** who was not reported to **us**. The **regular operator** must be reported on the original application for insurance or otherwise disclosed to **us** and listed on **your** Declarations Page before the **car accident.**

(9) Caused by, or as an effect of, war (declared or undeclared), civil war, insurrection, riot, acts of terrorism, rebellion, or revolution. This exclusion also applies to damages caused by nuclear reaction, radiation or radioactive contamination.

(10) Arising out of the ownership, upkeep, or use of any vehicle other than **your insured car**. This exclusion applies only if the vehicle is owned by, furnished or available for regular use by **you** or a **relative.**

(11) While using or **occupying** any **car** in connection with any type of personal vehicle sharing program.

(12) Arising out of the use of a vehicle while the vehicle is being used in the commission of a non-vehicular felony or while attempting to elude arrest by a law enforcement official.

(13) Punitive or exemplary damages.

**Limits of Liability.**

Subject to these provisions, the limits shown on **your** Declarations Page for this coverage are the most **we** will pay in damages for any one **car accident.**

(1) The **bodily injury** limit for "each person" is the maximum limit for all claims by all persons for damages from **bodily injury** to any one person.

(2) Subject to the **bodily injury** limit for "each person", the **bodily injury** liability limit for "each accident" is the total limit for all claims for damages from **bodily injury** to two or more persons in any one **car accident.**

**We** will pay no more than these limits despite any of the following.

(1) The number of vehicles described or premiums shown on **your** Declarations Page.

(2) The number of **insured persons.**

(3) The number of claims made or lawsuits filed.

(4) The number of persons making a claim.

(5) The number of policies issued by **us.**

(6) The number of vehicles involved in the **car accident.**

No stacking of uninsured motorists insurance will be allowed by this policy.

Any amounts payable under this part will be reduced by the following.

(1) Any payments made by or on behalf of the owner or operator of the **uninsured motor vehicle.** Also any payment made by or on behalf of any other person or organization which may be legally liable.

(2) Any amount paid or payable under Part I or Part II of this policy.

(3) Any payments made or payable because of **bodily injury** under any workers' compensation law or disability benefits law or similar law.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

**Other Insurance.**

If there is other applicable coverage on a **loss** covered by this Part, **we** will pay only **our** share of the damages. **Our** share is the ratio that **our** limits of liability bear to the total of all applicable limits. When an **insured person** is **occupying** a **car** not listed on **your** Declarations Page, this coverage is excess over any other applicable insurance. This coverage shall apply only in the amount by which the limits of liability for this coverage exceed the applicable limits for such other insurance.

**Arbitration.**

Arbitration may occur if **we** and an **insured person** claiming coverage under this Part do not agree to either of the following.

(1) The legal liability of the operator or owner of an **uninsured motor vehicle.**

(2) The amount of damages.

The matter may be arbitrated upon written agreement between both parties. In this event, each party will select an arbitrator, unless the parties agree in writing on the use of a single arbitrator. If two arbitrators are used, they will select a third. If the two arbitrators cannot agree on the third within thirty (30) days, then on joint request by the

insured and **us**, the third arbitrator will be appointed by a judge or court having jurisdiction.

Disputes over coverage under this Part may not be arbitrated.

Each party will do all of the following.

(1) Pay the expenses they incur.

(2) Bear the expenses of the single arbitrator equally.

(3) If a third arbitrator is used, bear the expenses equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured person** lived, as listed on the policy, immediately prior to the accident.

Local rules of procedure and evidence will apply. A decision agreed to by two of the arbitrators, or the single arbitrator, shall be binding as to the following.

(1) The legal liability of the operator or owner of an uninsured vehicle.

(2) The amount of damages. The arbitrators shall have no authority to award an amount in excess of the limits of liability or which includes punitive or exemplary damages.

The decision of the arbitrators is binding only for the amount of the award that does not exceed **our** limits of liability or include punitive or exemplary damages.

---

## PART IV - CAR DAMAGE COVERAGE.

**We** will pay for **loss** to **your insured car** which is caused by either of the following.

(1) **Collision**, but only if a premium is shown for it on **your** Declarations Page.

(2) **Comprehensive**, but only if a premium is shown for it on **your** Declarations Page.

### Additional Definitions Used in This Part Only.

As used in this Part, the following definitions apply.

(1) **"Collision"** means actual physical contact between **your insured car** and another object or upset of **your insured car**.

(2) **"Comprehensive"** means **loss** to **your insured car** not caused by **collision**. The following are examples, but not an all inclusive list, of what is considered **loss** caused by **comprehensive**.

   (A) Missiles or falling objects

   (B) Fire

   (C) Theft or larceny

   (D) Explosion

   (E) Earthquake, windstorm or hail

   (F) Water or flood

   (G) Malicious mischief or vandalism

   (H) Riot or civil commotion

   (I) Contact with bird or animal

   (J) Breakage of glass not caused by **collision**

If glass breakage results from a **collision**, **you** may choose to have it treated as a **loss** caused by **collision**.

(3) **"Covered Equipment"** means the following:

   (A) Any permanently installed equipment, parts, or accessories. These must have been purchased as standard or optional equipment from the vehicle manufacturer.

   (B) Any permanently installed device designed to record or reproduce sound. The device must have been installed in the opening of the dash or console. The opening must be normally used by the manufacturer for the installation of a radio. The maximum **we** will pay for **loss** to the device and its accessories is $500.

(4) **"Rental Vehicle"** means a **car you** rent or hire from an entity licensed to conduct such business under applicable **state** law. The **car** must be in **your** custody and operated by **you** or a **relative**.

(5) **"Your insured car"** also includes a **rental vehicle** while it is being used as a temporary substitute for a **car** described on **your** Declarations Page. The replacement must be because of the **insured car's** withdrawal from normal use due to breakdown, repair, servicing, **loss** or destruction. A **rental vehicle** that meets this description shall be provided the same coverage as the vehicle it temporarily replaces.

### Your Deductible.

The deductible amount shown on **your** Declarations Page will be subtracted from payment of any **loss** covered under this Part.

No deductible will apply to a **loss** to window glass when the glass is repaired instead of replaced.

### Settlement of Loss.

**We** may pay the **loss** in money or repair or replace the damaged or stolen property.  **We** may, at any time before the **loss** is paid or the property is replaced, return, at **our** expense, any stolen property. This will be returned either to **you** or to the address shown on **your** Declarations Page. If **we** repair or replace the damaged or stolen property, **we** reserve the right to use parts of like kind and quality, which may include non original equipment manufacturer parts. **We** may keep all or part of the property salvage upon payment to **you** of its agreed or

appraised value. **You** may not abandon the damaged property to **us.**

## Appraisal.

**You** or **we** may demand appraisal of the **loss.** Each will appoint and pay a competent and impartial qualified appraiser. Other appraisal expenses will be shared equally. The appraisers, or a judge or a court having jurisdiction, will select an umpire to decide any differences. Each appraiser will state separately the actual cash value and the amount of **loss.** An award in writing by the two appraisers, or either of the appraisers and the umpire, will determine the amount payable.

**We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

## Transportation Expenses.

**We** will pay **you** for reasonable substitute transportation expenses incurred if **your insured car** covered by this Part is stolen. Transportation expenses covered shall not exceed $30 per day. The payment period begins forty-eight (48) hours after **you** have told **us** of the theft and have notified the police. The period ends when the first of any of the following occurs.

(1) Seventy-two (72) hours after **we** make an offer to pay the actual cash value of **your insured car.**

(2) When **your insured car** is returned to use.

(3) When $900 in substitute transportation costs has been incurred.

## Exclusions.

This coverage does not apply to **loss** as described by any of the below.

(1) To **your insured car** while used to carry persons or property for compensation or a fee. This includes, but is not limited to, delivery of newspapers, magazines, food, or any other products. This exclusion does not apply to shared-expense **car** pools.

(2) Caused by, or as an effect of, war (declared or undeclared), civil war, insurrection, riot, acts of terrorism, rebellion, or revolution. This exclusion also applies to damages caused by nuclear reaction, radiation, or radioactive contamination**.**

(3) To equipment used to either mechanically or structurally change **your insured car** to increase performance or change its appearance.

(4) To any closed container designed to fit in the bed of a pickup truck, plow, winches and lift kits. This exclusion applies whether or not the item is permanently attached.

(5) To equipment, parts and accessories which are not defined as **covered equipment**. This exclusion does not apply if items are declared as permanently installed in or on **your insured car** and a specific premium is paid.

(6) Arising out of wear and tear, freezing, or other temperature changes, mechanical or electrical breakdown or failure, or manufacturers defect, road damage to tires or other prior **loss** damage. This exclusion does not apply if the **loss** results from theft covered by this insurance.

(7) While **your insured car** is being used in, or preparing for, any racing, speeding, stunt, performance or demolition activity. This exclusion applies whether or not such activity is prearranged or organized.

(8) Arising out of the ownership, upkeep, or use of any vehicle including **your insured car**, when used for any business purpose. This exclusion does not apply to:

   (i) Use of **your insured car** by **you** or a **relative** for farming or ranching.

   (ii) The use of **your insured car** by **you** for **auto business** operations.

   (iii) Business use that has been disclosed to, and accepted by, **us.**

   (iv) Business use that is infrequent and not otherwise excluded under this policy.

(9) To **your insured car**, if at the time of the **loss**, **your insured car** was driven by a **regular operator** who was not reported to **us** and listed on **your** Declarations Page before the **car accident.**

(10) To **your insured car** while it is being leased or rented to others.

(11) To any **car** while being used in connection with any type of personal vehicle sharing program.

(12) To **your insured car** while it's being used in used in any illegal trade or transportation.

(13) To **your insured car** while it's being used in the commission of a non-vehicular felony or while attempting to elude arrest by a law enforcement official.

(14) Arising out of intentional actions by or at the direction of **you** or a **relative**, or any other person using **your insured car** with **your** permission is not covered**.** This exclusion applies when an **insured person** commits an act which is, to a large extent, certain to cause harm or damage. This exclusion applies even if the actual result is different than that which was intended or expected.

(15) Due to the destruction or confiscation by governmental or civil authorities. This exclusion does not apply to the interests of the Loss Payees in **your insured car.**

(16) Due to theft or conversion of **your insured car** or its equipment which occurs prior to its delivery to **you**. This exclusion also applies to theft or conversion of such equipment which occurs after **you** have delivered **your insured car** to a third

party to whom **you** have authorized to sell, trade or otherwise dispose of it.

(17) Due to diminution of value. This is actual or perceived loss in market or resale value which results from a direct and accidental **loss** to a **car.** This exclusion also applies to diminution of any optional equipment **we** insure.

(18) Due to acquiring a stolen vehicle.

(19) To **your insured car** due to mold, or to remedy it. This exclusion applies despite the source of the mold.

(20) To **your insured car** due to damage caused by any explosive substance, flammable liquid or similar hazardous materials during the transportation of such items.

### Limits of Liability.

**Our** limits of liability for **loss** shall not exceed the lesser of the following.

(1) The actual cash value of the stolen or damaged property at the time of **loss**, less the applicable deductible.

(2) The amount needed to repair or replace the property or parts with those of like kind and quality, less the applicable deductible.

To determine the actual cash value of the damaged property at the time of the **loss**, an adjustment for depreciation and physical condition will be made. The adjustment will be in relation to physical condition and wear and tear. If new parts are used to replace parts with wear and tear, depreciation will be taken to the extent of the wear and tear.

### No Benefit to Bailee.

This coverage shall not in any way benefit any party caring for or handling **your insured car** for a fee.

### Other Insurance.

If other coverage applies on a **loss** covered by this Part, **we** will pay only **our** proportionate share of the damages. However, any insurance **we** may be required to provide with respect to any non-owned vehicle used as a temporary substitute for a vehicle listed on **your** Declarations Page shall be excess over any other collectible insurance.

---

## PART V - GENERAL PROVISIONS.

### Territory.

This policy applies only to **car accidents** and **losses** within the United States, its territories or possessions. It also applies to **car accidents** in Canada, or between the ports of the two.

### Changes.

This policy, application (which is made a part of this policy as if attached), and **your** Declarations Page include all the agreements between **you** and **us** relating to this insurance.

**We** will automatically give **you** the benefits of any extension or broadening of this policy. That is provided that the change does not require additional premium.

The only other way this policy can be changed is by endorsement. Any necessary adjustment of premium will be made at that time. **We** will accept certain changes to **your** policy that **you** request. However, some changes **you** request require **your** signature. These will be effective only after the proper signature is obtained. Any change will be confirmed by **our** issuance of a Declarations Page.

The premium for this policy is based on information **we** receive from **you** or other sources. Changes to this information made during the policy period may result in a premium increase or decrease.

**You** must notify **us** within fourteen (14) days of a change including, but not limited to:

(1) **your** mailing or residential address;

(2) the garaging address for any **car** listed on **your** Declarations Page;

(3) the residents of **your** household and/or **regular operators** of **your insured car**;

(4) an **insured person's** marital status;

(5) **you** or a **relative** obtaining a driver's license or operator's permit; or

(6) **you** acquiring an additional or replacement vehicle.

If **you** move to another **state**, **we** may cancel this policy in accordance with the Cancellation or Nonrenewal of This Policy section.

### Two or More Cars Insured.

With respect to any **car accident** or **loss** to which this and any other auto policy issued to **you** by **us** applies, the total limit of **our** liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

### Lawsuit Against Us.

**We** may not be sued unless there has been full compliance with all the terms of this policy. **We** may not be sued under the Liability Coverage until the obligation of an **insured person** is finally determined either by judgment against that person at the actual trial, or by written agreement of that person, the claimant and **us**. No one has any right under this policy to make **us** a party to a lawsuit to determine the liability of an **insured person**.

Any person who is not an **insured person** under the terms of this policy has no interest in this policy. This includes a third party beneficiary.

This provision applies unless there first is a rendering of a verdict against a person who is an **insured person.** The verdict must be under the terms of this policy. It must be for a claim which is covered by this policy.

## Our Recovery Rights.

In the event of any payment by **us** under this policy, **we** are entitled to all the rights of recovery against another responsible party. This applies to the rights of any person or organization **we** have paid. **You** and anyone **we** protect must sign any papers and do whatever else is needed to enable **us** to exercise **our** rights. **You** and anyone **we** protect will do nothing to prejudice **our** rights.

If **we** ask, any person that **we** have paid must take proper action to recover any payment **we** have made from any responsible party or insurer. The action must take place in that person's own name. **We** will select the attorney and pay all related costs and fees.

When a person has been paid damages by **us** under this policy and also recovers from another, the amount recovered from the other shall be held by that person in trust for **us.** That person must repay **us** to the extent of **our** payment plus any costs or attorney fees **we** have to pay.

If **we** make payment under any Part, **we** shall be entitled, to the extent of such payment, to the proceeds of any settlement or judgment recovered from, or on behalf of, any responsible party. In the event of recovery from the responsible party, to the extent of such recovery, any rights to payment under such Part no longer exists.

If **you misrepresent** any fact or event that affects a risk being eligible or results in a premium lower than that which would have been charged **we** reserve the right to recover from **you** any payment **we** made for a **loss.**

## Assignment.

Interest in this policy may not be assigned without **our** written consent. If the policyholder named on **your** Declarations Page or their spouse who lives in the same household dies, the policy will cover any of the following.

(1) The surviving spouse.

(2) The legal representative of the deceased. That person must be acting within the scope of the duties as a legal representative.

(3) Any person having proper custody of **your insured car.** This applies until a legal representative is appointed.

However, if any person is an excluded driver under this policy, there is no coverage while that person is driving any **car.**

## Bankruptcy.

**We** are not relieved of any duty under this policy because of the bankruptcy or insolvency of any **insured person.**

## Electronic Signatures.

**We** may use electronic signatures to satisfy any requirement for written signatures. When a law requires a signature or letter to be notarized, verified, approved or made under oath, the electronic signature will satisfy. This is provided the signature of the person authorized to perform such service is attached to or associated with the signature of record.

## Out-of-State Insurance.

If this policy provides liability insurance **we** will automatically provide the compulsory **motor vehicle** insurance required for nonresidents. This applies when **you** are traveling in a **state** with such requirements. However, **we** will provide only excess insurance in this case.

## Joint and Individual Interests.

Any Named Insured may cancel or change this policy. The action of one Named Insured will be binding on all persons provided coverage under this policy. Notices, including premium refunds, to one Named Insured will be binding on all persons provided coverage under this policy.

## Renewal of This Policy.

Subject to **our** consent, **you** have the right to renew this policy. When **we** consent to renewal, **you** must pay the renewal premium before the due date. This policy will automatically expire if **we** do not receive the required premium before the renewal date of the policy.

If **we** offer to renew the policy and **you** or **your** representative fail to pay the required premium when due, **you** have not accepted **our** offer. This is also the case if **we** bill for a balance due from a policy change and **you** fail to pay when due. If that happens, this policy may automatically terminate on the date noted on the renewal notice.

## Cancellation or Nonrenewal of This Policy.

The Named Insured, listed on **your** Declarations Page may cancel this policy by advising **us** in writing of the future date the cancellation is to take effect.

**We** may cancel **your** policy for any reason permitted by the **state** in which **your** policy is written. A cancel notice will be mailed to the person listed as Named Insured at the address shown on **your** Declarations Page. Mailing of the notice will be in alignment with required timeframes.

If **we** decide not to renew this policy, **we** will mail notice of nonrenewal according to the **state** law where **your** policy is written. This notice will be mailed to the person listed as Named Insured at the address shown on **your** Declarations Page. Proof of mailing a cancel or nonrenewal notice shall be sufficient proof of notice, if required.

Upon cancellation **you** may be due a premium refund. If so, **we** will send it to **you.** A refund is not a condition of cancellation. If **we** cancel, any refund will be computed on a pro-rata basis. If **you** cancel, the refund will be computed via customary short-rate methods and procedures. The effective date of cancel stated in a notice is the end of the policy period.

**Misrepresentations.**

If **you misrepresent** any fact or condition that affects whether a risk is eligible or contributes to a **loss**, **we** reserve the right to rescind the policy and/or deny coverage. This also applies if the **misrepresentation** avoids premium owed to **us** or results in a premium lower than that which would have been charged if true and complete information had been provided.

Should **we** be required to cover such a **loss**, **we** reserve the right to recover all resulting payments from **you.**

In Witness Whereof, we have caused this policy to be signed by its President and Secretary. If required by state law, this policy shall not be valid unless countersigned by our authorized representative.

_____
- Secretary

_____
- President

---

## NOTICE OF OUR INFORMATION PRACTICES.

We are required by Public Law 91-508, Fair Credit Reporting Act to inform you as follows. As part of our procedure for processing and reviewing applications, a credit report, motor vehicle report or other underwriting reports may be obtained. An investigative report may also be obtained through personal interviews with third parties. Some examples of third parties include family members, business contacts, financial sources, friends, neighbors, or others acquainted with you. This inquiry includes information as to your character, general reputation, personal characteristics, and mode of living or driving history, as applicable. This process also applies to our review of new policies, renewal policies and policies currently in effect. You have the right to make a request for a complete and accurate disclosure of additional information about the nature and scope of the investigation. The request must be to this company and be within a reasonable time period. You have the right to dispute such information which you believe to be in error.

# PERSONAL INJURY PROTECTION COVERAGE ENDORSEMENT – KANSAS

All terms and conditions of the Personal Auto Policy and any other endorsements also apply to this endorsement, except as changed by this endorsement.

## WHAT TO DO IN CASE OF A CAR ACCIDENT OR LOSS.

**Other Duties.**

The following duties are added.

(13) Provide written notice with full details of the nature and extent of the bodily injury. This includes any treatment and rehabilitation received and contemplated, and any other information to identify the **eligible injured person(s)**. It also includes any reasonably obtainable information with respect to the time, place and facts of the **car accident**. This information shall be provided by or on behalf of each **eligible injured person**, to **us** or any of **our** authorized agents as soon as practical.

(14) Forward, as soon as possible, a copy of any summons, complaint, or other process served. The relevant processes served are those regarding the pursuit of legal action, by an **eligible injured person** or the legal representative of that person to recover damages against a person who is or may be liable in tort for the injury. The damages must be for **bodily injury**. No claim for personal injury protection benefits shall be made after two (2) years from the date of bodily injury.

## PERSONAL INJURY PROTECTION COVERAGE.

This coverage applies only if a premium is shown for it on **your** Declarations Page.

**We** will pay personal injury protection benefits to or for the benefit of the **eligible injured person** for the following:

(1) **Medical expenses**.

(2) **Rehabilitation expenses**.

(3) **Work loss**.

(4) **Essential services**.

(5) **Funeral expenses**.

(6) **Survivor loss**.

These benefits will be paid with respect to **bodily injury** sustained by an **eligible injured person**. The injury must be caused by a **car accident** resulting from the ownership, upkeep or use of a **motor vehicle**.

**Additional Definitions Used in This Part Only.**

As used in this Part.

(1) "**Eligible insured person**" means the following.

    (A) **You** or a **relative** who sustains **bodily injury** caused by a **car accident**. The accident must have involved the use of a **motor vehicle**.

    (B) **You** or a **relative** while a **pedestrian** who was struck by the **insured motor vehicle**.

    (C) Any other person who sustains **bodily injury** caused by a **car accident** while **occupying** the **insured motor vehicle**. This must be with **your** consent.

    (D) Any other person while a **pedestrian** who was struck by the **insured motor vehicle**.

(2) "**Funeral expenses**" means funeral, burial, or cremation expenses incurred.

(3) "**Insured motor vehicle**" means a **motor vehicle** with respect to which:

    (A) The **bodily injury** liability insurance of the policy applies, for which a premium is charged.

    (B) **You** are required to maintain security. This is in regards to the provisions of the Kansas Automobile Injury Reparations Act.

    (C) The **motor vehicle** is self-propelled, and required to be registered in Kansas. This includes any trailer, semi-trailer or pole-trailer owned by **you** or a **relative**.

"**Insured motor vehicle**" does not mean a motorized bicycle.

(4) "**Medical expenses**" means the **usual and customary charge** for reasonable and necessary expenses. The expenses must be incurred within two (2) years from the date of the **car accident**. They must be for the following:

    (A) Medical, psychological, surgical, X-ray, and dental services, including prosthetic devices.

    (B) Necessary ambulance, hospital and nursing services,

    (C) Any non-medical remedial care and treatment rendered per recognized religious method of healing.

"**Medical expenses**" does not include the following expenses:

    (A) Treatment, services, products or procedures that are experimental in nature, for research, or not designed to serve a medical purpose. Treatments not recognized throughout the medical profession and within the United States as appropriate treatment of **bodily injury**.

    (B) Incurred for the use of thermography or other procedures of similar nature.

    (C) Incurred for the use of acupuncture or other procedures of a similar nature.

    (D) In excess of those required for a semi-private room, unless more extensive care is required.

(5) "**Usual and customary charge**" means an amount **we** determine as a customary charge for services in the region in which the service is rendered. **We** may

determine this charge through the use of independent sources of **our** choice.

(6) "**Pedestrian**" means any person not **occupying** or riding upon a **motor vehicle**.

(7) "**Relative**" means a person living in **your** household. This person must be related to **you** by blood, marriage or adoption. **Relative** includes a ward, foster child or a minor under **your** charge who lives in **your** household. **Your** unmarried dependent children living temporarily away from home qualify as a **relative** only if they intend to continue to live in **your** household. Any **relative** who is at least of legal driving age must be listed on the application or endorsed on the policy. This must occur prior to **car accident** or **loss**.

(8) "**Survivor**" means a deceased **eligible insured person's** spouse or child under the age of eighteen (18) years. The **eligible insured person's** death must have resulted from **bodily injury** from the **car accident**.

(9) "**Monthly earnings**" means the following.

   (A) For an **eligible insured person**, who is regularly employed or self-employed, one-twelfth of the annual earnings at the time **bodily injury** is sustained.

   (B) For an **eligible insured person**, who is not regularly employed or self-employed or is unemployed, one-twelfth of anticipated annual earnings. This applies to the time the **eligible insured person** would reasonably have expected to be regularly employed.

   Expected annual earnings of an unemployed **eligible insured person** who has previously been employed or self-employed are determined by averaging the annual compensation of that **eligible insured person**. This calculation will be for a period not to exceed five (5) years before the year in which **bodily injury** was sustained, during which that **eligible insured person** was employed.

(10) "**Survivors loss**" means total payments to all **survivors** for the loss after an **eligible insured person's** death of that insured's **monthly earnings**. It also includes essential services incurred after an **eligible insured person's** death. These services shall be reduced by any of the survivor's expenses which are avoided due to the **eligible insured person's** death. **Survivor loss** shall be paid for a period of not longer than one (1) year after an **eligible insured person's** death, less the number of months the **eligible insured person** received work loss prior to their death.

(11) "**Work loss**" means loss of income and earning capacity by the **eligible insured person** during their lifetime of **monthly earnings**. This loss must be from the inability to work because of **bodily injury** sustained in a **car accident**. The earnings time period must be during the three (3) days after the date of the **bodily injury** and continuing for a maximum of 52 weeks thereafter. If the **eligible insured person's** inability to work continues in excess of two (2) consecutive weeks after the date of

**bodily injury**, this three (3) day elimination period shall not apply. However, if **work loss** is not included in gross income for federal income tax purposes, **work loss** shall be limited to 85% of **monthly earnings**.

(12) "**Rehabilitation expenses**" means all reasonable expenses incurred for required psychiatric or psychological services, occupational therapy and such occupation training and retraining as may be reasonably expected to allow an **eligible insured person** to obtain employment.

(13) "**Essential services**" means appropriate and reasonable expenses. The expenses must be incurred in obtaining ordinary and necessary services instead of those an **eligible insured person** would have performed, for his or her family's benefit, had that **eligible insured person** not sustained **bodily injury**.

## Exclusions.

This coverage does not apply to any of the following.

(1) To **bodily injury** sustained by any person:

   (A) While **occupying** a **motor vehicle** that is not **your insured car**, but is owned by, or furnished or available for **your** regular use, or that of a **relative**.

   (B) While operating the **insured motor vehicle** without **your** consent. This consent may be express or implied.

   (C) Whose **bodily injury** results or arises from their use of a **motor vehicle** in the act of a non-vehicular felony or while trying to elude arrest by a law enforcement official.

   (D) Who intentionally causes injury to their own body. This also applies when the person commits an act which is, to a large extent, certain to cause harm or damage. This applies even if the actual result is different than that which was intended or expected.

   (E) Who is an intentional converter of a **motor vehicle** at the time **bodily injury** is sustained.

   (F) While conducting the business of repairing, servicing, or otherwise maintaining **motor vehicles**. This exclusion does not apply to **bodily injury** resulting from conduct occurring off the business premises.

   (G) Whose **bodily injury** results or arises from the course of loading or unloading a **motor vehicle**. This exclusion does not apply to **bodily injury** resulting from conduct occurring while **occupying** such **motor vehicle**.

   (H) Other than **you**, if that person is the owner of a **motor vehicle** for which security is required under the Kansas Automobile Injury Reparations Act.

   (I) Other than **you** while **occupying** or struck by any **motor vehicle**, other than **your insured motor vehicle**, for which security is required by the Kansas Automobile Injury Reparations Act is in effect.

   (J) Other than **you** or any **relative**, who is neither a resident of Kansas nor **occupying your insured motor vehicle**.

   (K) Entitled to payments or benefits under the provisions of the Kansas Worker's Compensation Law.

## Limits of Liability.

**Our** liability for Personal Injury Protection benefits, with respect to **bodily injury** sustained by one **eligible insured person** in any one **car accident**, is limited as follows.

(1) The total amount payable shall not exceed the sum of the following.

    (A) $4,500 for **medical expenses**.
    (B) $2,000 for **funeral expenses**.
    (C) $4,500 for **rehabilitation expenses**.
    (D) Up to $900 per month and $25 per day for a maximum of 365 days for essential services for **survivor's loss**. This is payable only to natural persons who are the **eligible insured person's** heirs.
    (E) Up to $900 per month for **work loss**.
    (F) $25 per day for a maximum of 365 days for **essential services**.

(2) **We** will pay no more than the total amount payable shown above, despite any of the following.

    (A) The number of **eligible injured persons** insured.
    (B) The number of policies or bonds applicable.
    (C) The number of claims made.
    (D) The number of **insured motor vehicles** to which this insurance applies.

(3) Any amounts payable under this part will be reduced by the amount paid or payable to or on behalf of an **eligible insured person**:

    (A) Under any workers' compensation laws.
    (B) Under any other similar medical or disability law.
    (C) By the United States government or any of its agencies because of that person's military enlistment, duty or service.

(4) No **eligible insured person** may recover duplicate benefits for the same elements of loss under this or any similar insurance.

(5) Personal injury protection benefits payable under this coverage shall be overdue if not paid within thirty (30) days. This applies to the time period after **we** are furnished written notice of a covered loss including the amount of such loss. **Work loss** shall be paid not less than every two (2) weeks after such notice.

(6) If written notice is not provided for the entire claim, any partial amounts supported by written notice are overdue if not paid within thirty (30) days. This applies to the time period after such notice is provided. Any part of the entire remaining claim that is subsequently supported by written notice is overdue if not paid within thirty (30) days after **we** are furnished with such notice.

(7) All overdue payments shall earn simple interest at eighteen (18) percent per year.

(8) No **eligible insured person** may recover duplicate benefits for the same elements of loss. This applies to benefits under Part II of this policy or any similar personal injury protection insurance policy.

## Other Insurance.

In the event that **you**, a **relative**, or a person injured in a **car accident** involving the use of an **insured motor vehicle**, has similar insurance available and applicable to the **car accident**, the maximum benefit under all such insurance shall not exceed the amount which would have been payable under the provisions of the insurance providing the highest dollar limit. Personal injury protection coverage shall be afforded in accordance with the following priorities.

    (1) The policy that provides coverage for any **motor vehicle** owned by **you** or a **relative**.
    (2) The policy that provides coverage for the **motor vehicle** the **eligible injured person** was **occupying** or was struck by.
    (3) The policy that provides coverage for **insured motor vehicle** for **bodily injury** sustained by any **relative**, who is not a named insured under another policy, while:
        (i) **Occupying**; or
        (ii) struck by;
    any **motor vehicle** outside of Kansas.

## Lawsuit Against Us.

**We** may not be sued under this coverage unless there has been full compliance with all the terms of this endorsement.

## Our Recovery Rights.

(1) In the event of recovery by an **eligible insured person**, all of the following apply. The recovery may be by a **relative** or authorized representative of the **eligible insured person**. It may be by judgment, settlement or otherwise against a tortfeasor.

    (A) **We** shall be subrogated to the extent of duplicate personal injury protection benefits. The benefits must be provided to the date of such recovery.
    (B) **We** shall have a lien against such recovery.
    (C) **We** may intervene in any action to protect and enforce such lien.

(2) However, prior to the payment of benefits in full, the amount of such judgment actually paid which is in excess of the amount of benefits paid to the date of such recovery shall be credited against future payments of any benefits. This also applies to settlements or recoveries actually paid.

(3) An **eligible insured person**, a **relative** or authorized representative must initiate an action against a tortfeasor within eighteen (18) months after the date of the **car accident**. If they do not, such failure shall operate as an assignment to **us** of any cause of action which they have against the tortfeasor This applies for action which is for the purpose and to the extent of recovery of damages which are duplicate of personal injury benefits. **We** may enforce these rights in **our** own name. **We** may also enforce these in the name of the **eligible insured person**, **relatives** or authorized representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

(4) In the event of a recovery per K.S.A. 60-258a, as amended, **our** rights to subrogate shall be reduced by the ratio of negligence attributed to the **eligible insured person**.

(5) Per K.S.A. 60-582a, as amended, the court shall fix attorney fees. These shall be paid proportionately by **us** and the **eligible insured person**, **relatives** or authorized representatives in the amount determined by the court.

# PERSONAL AUTO POLICY AMENDATORY ENDORSEMENT – KANSAS

All terms and conditions of the Personal Auto Policy and any other endorsements also apply to this endorsement, except as changed by this endorsement.

## WHAT TO DO IN CASE OF A CAR ACCIDENT OR LOSS.

### Other Duties.

Duty (10) is replaced by the following.

(10) Take reasonable steps after **loss** to protect **your insured car** and its equipment from further **loss**. **We** will pay reasonable expenses incurred in providing this protection.

The last paragraph is replaced with the following.

Failure to perform or comply with any of these duties may result in the refusal of coverage, protection or a reduced **loss** payment. For Liability Insurance this applies only in excess of the Kansas Financial Responsibility Limits.

## DEFINITIONS USED THROUGHOUT THIS POLICY.

Definition (15) is replaced by the following.

(15) "**Misrepresent**" or "**Misrepresentations**" means an act committed by any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof any written, electronic, electronic impulse, facsimile, magnetic, oral or telephonic communication or statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal insurance, or a claim for payment or other benefit pursuant to an insurance policy for personal insurance for which **you** know to contain materially false information or conceal information for the purpose of misleading.

The following definition is added.

(16) "**Actual Cash Value**" means the amount which it would cost to repair or replace damaged property with material of like kind and quality, less allowance for physical deterioration and depreciation.

## PART I – LIABILITY COVERAGE.

### Additional Definitions Used in This Part Only.

The paragraph under Definition (1) is replaced by the following.

No person shall be considered an **insured person** if the person uses a **car** without the express or implied permission of the owner or outside the scope of that express or implied permission.

### Exclusions.

Exclusions (3) and (12) are replaced by the following.

(3) **Bodily injury** or **property damage** with respect to which any person is an insured under nuclear energy liability insurance.

(12) **Bodily injury** arising out of or related to **pollutants** and/or **contamination**. This exclusion does not apply if the **pollutants** and/or **contamination** are sudden and accidental.

Exclusions (8), (9), (10), (11), (13), (14), (15), (16), (17) and (18) are deleted.

The following exclusions are added.

(19) **Bodily injury** or **property damage** for which the United States government might be liable for the **insured person's** use of the **insured car**.

(20) **Bodily injury** or **property damage** resulting from the handling of property:

(i) Before the property is moved from the place where it is accepted by the **insured person** for movement into or onto the **insured car**.

(ii) After it is moved from the **insured car** to the place where it is finally delivered by the **insured person**.

## PART II – MEDICAL PAYMENTS COVERAGE.

### Other Insurance.

This provision is replaced by the following.

### Other Insurance.

This Medical Payments Coverage is excess over any other applicable insurance. However, this coverage is not excess for **you**.

### Our Rights to Recover Payment.

This provision is deleted.

## PART III – UNINSURED MOTORISTS COVERAGE.

This Part is replaced in its entirety by the following.

## PART III – UNINSURED MOTORISTS/ UNDERINSURED MOTORISTS COVERAGE.

This coverage applies only if there is a premium shown for it on **your** Declarations Page.

### Uninsured Motorists Coverage.

**We** will pay damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**. The **bodily injury** must be caused by a **car accident** and result from the ownership, upkeep or use of an **uninsured motor vehicle**, or as a pedestrian, as a result of having been struck by an **uninsured motor vehicle**.

### Underinsured Motorists Coverage.

**We** will pay damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**. The **bodily injury** must be caused by a **car accident** and result from the ownership, upkeep or use of an **underinsured motor vehicle**, or as a pedestrian, as a result of having been struck by an **uninsured motor vehicle**.

**We** will pay under this coverage only if the damages of an **insured person** exceed the sum of the limits of liability under all **bodily injury** liability insurance applicable at the time of the **car accident** or are less than the limits of liability under the insured person's uninsured motorist coverage.

**We** will pay under this coverage only after the limits of liability of any applicable **bodily injury** liability policies or bonds have been used up by payment of judgments or settlements, unless **we**:

(1) Have been given written notice by certified mail of a tentative settlement between **you** and the insuring company of the owner or operator of the **underinsured motor vehicle**; and

(2) Decide to advance payment to **you** in an amount equal to the tentative settlement.

Written notice of a tentative settlement must include documentation of all damages incurred, copies of all medical bills, and written authorization or a court order to obtain reports from all employers and medical providers.

Any judgment for damages arising out of a suit brought without **our** consent is not binding on **us**.

**<u>Additional Definitions Used in This Part Only.</u>**

As used in this Part:

(1) "**Insured Person**" means any of the following.

    (A) **You**.
    (B) A **relative**.
    (C) Any other person **occupying your insured car** with the permission of **you** or a **relative**.
    (D) Any person for damages that person is entitled to recover because of **bodily injury** to **you**, a **relative** or another occupant of **your insured car**.

No person shall be considered an **insured person** if that person uses a **motor vehicle** without permission of the owner.

(2) "**Uninsured motor vehicle**" means a **motor vehicle** which is:

    (A) Not insured by a **bodily injury** liability bond or policy or that does not have liability limits complying with the financial responsibility law of the policy **state**.

    (B) A hit-and-run or "phantom" vehicle whose operator or owner is unknown. This vehicle must strike any of the following.

        (i) **You**.
        (ii) A **relative**.
        (iii) A vehicle which **you** or a **relative** are **occupying**.

        (iv) **Your insured car**.

However, when there is no physical contact with the hit-and-run vehicle the facts of the **car accident** must be corroborated by clear and convincing evidence other than the testimony of the **insured person**.

    (C) Insured by a **bodily injury** liability bond or policy at the time of the **car accident** whose insurer is or becomes insolvent within two (2) years of the date of the accident, or denies coverage.

"**Uninsured motor vehicle**" does not mean a vehicle as described below.

    (A) Owned by, or furnished or available for **your** regular use or a **relative's** regular use.

    (B) Owned or operated by a self-insurer. This must be within the meaning of any **motor vehicle** financial responsibility law, motor carrier law or any similar law. This definition does not apply if that self-insurer is or becomes insolvent.

    (C) Owned by a governmental unit or agency.

    (D) Designed mainly for use off public roads, while not on public roads.

    (E) Operated on rails or crawler treads.

    (F) While used as a residence or premises.

(3) "**Underinsured motor vehicle**" means a **motor vehicle** which is insured by a liability bond or a policy at the time of the **car accident** providing **bodily injury** liability insufficient to compensate fully an **insured person**.

"**Underinsured motor vehicle**" does not mean a **motor vehicle** as described below.

    (A) Insured by a liability bond or policy at the time of the **car accident**, but which provides **bodily injury** or **property damage** liability limits less than the minimum **bodily injury** or **property damage** liability limits required by the financial responsibility law of the policy **state**.

    (B) Owned by, or furnished or available for the regular use of **you** or a **relative** who is not **your** dependent.

    (C) Owned or operated by a self-insurer. This must be within the meaning of any **motor vehicle** financial responsibility law, motor carrier or any similar law. This definition does not apply if that self-insurer is or becomes insolvent.

    (D) Insured by a **bodily injury** liability bond or policy at the time of the **car accident** whose insurer is or becomes insolvent within two (2) years of the date of the accident, or denies coverage.

    (E) Owned by a governmental unit or agency.

    (F) Designed mainly for use off public roads, while not on public roads.

    (G) Operated on rails or crawler treads.

    (H) While used as a residence or premises.

## Exclusions.

This coverage does not apply to **bodily injury** sustained by an **insured person** described by any of the following.

(1) While **occupying** a **motor vehicle** owned by **you** or a **relative** which is not **your insured car**.

(2) When struck by a **motor vehicle** owned by **you** or a **relative**.

(3) If the injured person or the legal representative of that person agrees to any settlement without **our** written consent.

## Limits of Liability.

Subject to these provisions, the limits shown on **your** Declarations Page are the most **we** will pay in damages for any one **car accident**.

(1) The **bodily injury** limit for "each person" is the maximum limit for all claims by all persons for damages from **bodily injury** to any one person.

(2) Subject to the **bodily injury** limit for "each person", the **bodily injury** liability limit for "each accident" is the total limit for all claims for damages from **bodily injury** to two or more persons in any one **car accident**.

The coverage limits provided to protect against damages caused by **car accidents** with **uninsured motor vehicles** or **underinsured motor vehicles** are to be applied separately.

We will pay no more than these limits despite any of the following.

(1) The number of vehicles described or premiums shown on **your** Declarations Page.

(2) The number of **insured persons**.

(3) The number of claims made or lawsuits filed.

(4) The number of persons making a claim.

(5) The number of policies issued by **us**.

(6) The number of vehicles involved in the **car accident**.

No stacking of uninsured/underinsured motorists insurance will be allowed by this policy.

Any amounts payable under this part will be reduced by the following.

(1) Any payments made by or on behalf of the owner or operator of the **uninsured motor vehicle** or **underinsured motor vehicle**. Also any payment made by or on behalf of any other person or organization which may be legally liable.

(2) Any amount paid or payable under Part I, Part II or Personal Injury Protection Coverage.

(3) Any payments made or payable because of **bodily injury** under any workers' compensation law or disability benefits law or similar law.

(4) Any amount **you** have settled **your** claim for an amount less than the full limit of liability of the **underinsured motor vehicle**.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

## Other Insurance.

If there is other applicable coverage on a **loss** covered by this Part, **we** will pay only **our** share of the damages. **Our** share is the ratio that **our** limits of liability bear to the total of all applicable limits. When an **insured person** is **occupying** a car not listed on **your** Declarations Page, this coverage is excess over any other applicable insurance. This coverage shall apply only in the amount by which the limits of liability for this coverage exceed the applicable limits for such other insurance.

## Arbitration.

Arbitration may occur if **we** and an **insured person** claiming coverage under this Part do not agree to either of the following.

(1) The legal liability of the operator or owner of an **uninsured motor vehicle.**

(2) The amount of damages.

The matter may be arbitrated upon voluntary written agreement between both parties. In this event, each party will select an arbitrator unless the parties agree in writing on the use of a single arbitrator. If two arbitrators are used, they will select a third. If the two arbitrators cannot agree on the third within thirty (30) days, then on joint application by the insured and **us**, the third arbitrator will be appointed by a judge or court having jurisdiction.

Disputes concerning coverage under this Part may not be arbitrated.

Each party will do all of the following.

(1) Pay the expenses they incur.

(2) Bear the expenses of the single arbitrator equally.

(3) If a third arbitrator is used, bear the expenses equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured person** lived, as listed on the policy, immediately prior to the accident. Local rules of procedure and evidence will apply. A decision agreed to by two of the arbitrators, or the single arbitrator, shall be binding as to the following.

(1) The legal liability of the operator or owner of an uninsured vehicle.

(2) The amount of damages. The arbitrators shall have no authority to award an amount in excess of the limits of liability or which includes punitive or exemplary damages.

The decision of the arbitrators is binding only for the amount of the award that does not exceed **our** limits of liability or does not include punitive or exemplary damages.

**PART IV– CAR DAMAGE COVERAGE.**

**Appraisal.**

This provision is replaced by the following.

**Appraisal.**

**You** or **we** may demand appraisal of the **loss**, both parties must agree, voluntarily, to the appraisal and neither part shall be forced to participate. Each will appoint and pay a competent and impartial qualified appraiser. Other appraisal expenses will be shared equally. The appraisers, or a judge or a court having jurisdiction, will select an umpire to decide any differences. Each appraiser will state separately the **actual cash value** and the amount of **loss**. An award in writing by the two appraisers, or either of the appraisers and the umpire, will determine the amount payable.

**We** do not waive any of our rights under this policy by agreeing to an appraisal.

**Exclusions.**

Exclusion (6) is replaced by the following.

(6) Arising out of wear and tear, mechanical or electrical breakdown or failure, manufacturers defect, road damage to tires or other prior **loss** damage. This exclusion does not apply if the **loss** results from theft covered by this insurance.

---

**PART V– GENERAL PROVISIONS.**

---

**Our Recovery Rights.**

The first paragraph is replaced by the following.

In the event of payment under the Liability, Uninsured Motorist, Car Damage coverages, by **us** under this policy, **we** are entitled to all the rights of recovery that any person or organization **we** have paid may have against another who might be held responsible. **You** and anyone **we** protect must sign any papers and do whatever else is necessary to enable **us** to exercise **our** rights. **You** and anyone **we** protect will do nothing to prejudice **our** rights.

**Our** rights do not apply under the first paragraph with respect to an **underinsured motor vehicle**, if **we**:

(1) Have been given prompt written notice of a tentative settlement between an **insured person** and the insurer of an **underinsured motor vehicle**; and

(2) Fail to advance payment to the **insured person** in an amount equal to the tentative settlement within sixty (60) days after receipt of notification.

If **we** advance payment to the **insured person** in an amount equal to the tentative settlement within sixty (60) days after receipt of notification:

(1) That payment will be separate from any amount the **insured person** is entitled to recover under the Underinsured Motorists Coverage provision of Part III - Uninsured Motorists & Underinsured Motorists Coverage; and

(2) **We** also have a right to recover the advanced payment.

**Renewal of This Policy.**

This provision is replaced by the following.

**Renewal of This Policy.**

Subject to **our** consent, **you** have the right to renew this policy. When **we** consent to renewal, **you** must pay the renewal premium before the due date. This policy will automatically terminate if **we** do not receive the required premium before the renewal date of the policy.

If **we** offer to renew the policy and **you** or **your** representative fail to pay the required premium when due, **you** have not accepted **our** offer. This is also the case if **we** bill for a balance due from a policy change and **you** fail to pay when due. If that happens, this policy may automatically terminate on the date noted on the renewal notice.

**Cancellation or Nonrenewal of This Policy.**

This provision is replaced by the following.

**Cancellation or Nonrenewal of This Policy.**

The Named Insured, as listed on **your** Declarations Page, may cancel this policy by advising **us** in writing of the future date the cancellation is to take effect.

**We** may cancel for nonpayment of premium at any time by providing notice at least five (5) days prior to the effective date of cancellation.

If this policy has been in effect less than sixty (60) days and is not a continuation or renewal policy, **we** may cancel for any reason during that period by providing notice at least thirty (30) days prior to the effective date of cancellation.

If this policy has been in effect for sixty (60) days or more, or is a renewal or continuation policy, **we** may cancel for one or more of the following reasons by providing notice at least thirty (30) days prior to the effective date of cancellation.

(A) For fraud or material misrepresentation affecting the policy or in the presentation of a claim.

(B) If any insured violates the terms and conditions of the policy.

(C) If **you** or any other driver who lives with **you** or customarily uses **your insured car**:

(i) Has had their driver's license suspended or revoked during the policy period or if a renewal policy, within 180 days immediately preceding this policy's effective date.

However, **we** will not cancel for this reason if the license suspension or revocation, pursuant to ORS 809.280(7) or (9), was based on a non-driving offense.

(ii) Is or becomes subject to epilepsy or heart attacks, and such individual cannot produce a certificate from a physician testifying to his or her ability to operate a **motor vehicle**.

(iii) Is or has been convicted during the thirty-six (36) months prior to the time the policy was issued of:

a. a felony;

b. criminal negligence resulting in death, homicide or assault, arising out of the operation of a **motor vehicle**;

c. driving while intoxicated or under the influence of drugs;

d. leaving the scene of a **car accident**;

e. theft of a **motor vehicle**;

f. making false statements in an application for a driver's license; or

g. a third moving violation within a period of eighteen (18) months, of exceeding the speed limit; any violation of the motor vehicle law of any state which is a misdemeanor or traffic infraction, or any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were for the same offense or different offenses.

**We** may nonrenew **your** policy subject to the provisions of the laws of the state of Kansas, by providing at least thirty (30) days' notice.

If different requirements for cancellation and nonrenewal or termination of policies are applicable because of the laws of your **state**, **we** will comply with those requirements.

Mailing of any notice of cancellation or nonrenewal will be to the person listed as Named Insured on **your** Declarations Page at the address shown on **your** Declarations Page.

Mailing a notice of cancellation for nonpayment of premium by a first-class mail tracking method shall be sufficient proof of notice.

Mailing a notice of cancellation for any other reason or nonrenewal by United States post office certificate of mailing shall be sufficient proof of notice.

Upon cancellation **you** may be due a premium refund.  If so, **we** will send it to **you**.  A refund is not a condition of cancellation.  If **we** cancel, the refund will be computed on a pro-rata basis.  If **you** cancel, the refund will be computed in accordance with the customary short-rate table and procedure.  The effective date of cancel stated in a notice is the end of the policy period.