# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAIRYLAND INSURANCE COMPANY,

    Plaintiff,

-vs-

GEISER PAZ, DONILDA MARIBEL
GUTIERREZ PORTILLO, et al:

    Defendants,

AND                                                     Case No. 6:19-cv-01118-EFM-ADM

GEISER PAZ, individually, and on behalf of
S.Y.P.G., a minor, as father, legal guardian and
next best friend and DONILDA MARIBEL
GUTIERREZ PORTILLO,

    Third Party Plaintiffs,

-vs-

HAZEL BARRAGAN,

    Third Party Defendant,

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER

Geiser Paz, individually and on behalf of his minor daughter, S.Y.P.G, as father, legal guardian and next best friend, and Donilda Maribel Gutierrez Portillo, individually (hereinafter and collectively, "Defendants and Third-Party Plaintiffs"), through counsel Bradley A. Pistotnik and J. Corey Sucher of Brad Pistotnik Law, P.A., provide this answer to the Amended Complaint for Interpleader filed herein by Plaintiff Dairyland Insurance Company (hereinafter, "Plaintiff Dairyland") and state:

1. Defendants and Third-Party Plaintiffs deny each and every allegation contained therein unless hereinafter admitted.

2. Defendants and Third-Party Plaintiffs admit paragraphs one (1), two (2), three (3) and five (5).

3. Defendants and Third-Party Plaintiffs are without sufficient information or knowledge to admit or deny the allegations in paragraphs four (4), six (6), seven (7), and eight (8) and, therefore, deny them.

4. Defendants and Third-Party Plaintiffs admit jurisdiction and venue as set forth in paragraphs nine (9) and ten (10).

5. Defendants and Third-Party Plaintiffs admit paragraphs eleven (11), twelve (12), and thirteen (13).

6. Defendants and Third-Party Plaintiffs admit the allegations in paragraph fourteen (14) that they will make claims for bodily injuries and resulting damages, but are without sufficient information or knowledge to admit or deny the allegations on behalf of all other defendants.

7. Defendants and Third-Party Plaintiffs admit the allegations in paragraphs fifteen (15) and sixteen (16).

8. Defendants and Third-Party Plaintiffs admit the allegations in paragraphs seventeen (17), eighteen (18), and nineteen (19).

9. Defendants and Third-Party Plaintiffs neither admit or deny the allegations in paragraph twenty (20), as the allegation is merely a statement of compliance with Federal Rule of Civil Procedure 67 and, to the extent this allegation attempts to claim that the interpleader helps Plaintiff Dairyland avoid multiple liabilities in the same loss, it is denied, as Hazel Barragan has additional insurance coverage through State Farm with bodily injury liability coverage in the amount of five-million five hundred thousand dollars ($5,500,000.00) and Plaintiff Dairyland's policy and any payments made from it will not extinguish Hazel Barragan's liability for proximately causing the motor vehicle collision that is the subject matter of this litigation (hereinafter, "the collision").

10. Defendants and Third-Party Plaintiffs deny the allegations in paragraph twenty-one (21) that Hazel Barragan should be relieved of all liability given the fact that Hazel Barragan has additional insurance coverage through State Farm with bodily injury liability coverage in the amount of five-million five hundred thousand dollars ($5,500,000.00) and the interpleader and any payments made from Plaintiff Dairyland's policy will not extinguish Hazel Barragan's liability for proximately causing the collision.

11. Defendants and Third-Party Plaintiffs deny the allegations in paragraph twenty-two (22) that Hazel Barragan may not be liable for amounts above one hundred thousand dollars ($100,000.00) since Hazel Barragan has additional insurance coverage through State Farm with bodily injury liability coverage in the amount of five-million five hundred thousand dollars ($5,500,000.00) and Plaintiff Dairyland's  policy and any payments made from it will not extinguish Hazel Barragan's liability for proximately causing the.  Further, Defendants and Third-Party Plaintiffs also deny paragraph twenty-two (22) as it relates to Geiser Paz, and for the same reasons.

*AFFIRMATIVE DEFENSES*

12. Defendants and Third-Party Plaintiffs deny each and every allegation contained in Plaintiff Dairyland's Amended Complaint for Interpleader that is not specifically admitted herein.

13. Plaintiff Dairyland's Amended Complaint for Interpleader fails to state a claim upon which relief can be granted.

14. Upon information and belief, it is believed that Hazel Barragan has additional insurance coverage that applies to the collision that has not been paid into the Court in this interpleader action that may or will come from State Farm in the amount of five-million five hundred thousand dollars ($5,500,000.00).

15. Defendants and Third-Party Plaintiffs reserve the right to add additional defenses and

additional affirmative defenses as discovery proceeds.

Defendants and Third-Party Plaintiffs pray that the declaratory relief sought be denied, for costs herein, for attorney fees where allowed by law, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626
J. Corey Sucher, #27789
10111 E. 21st Street, Suite #204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
Brad@bradpistotniklaw.com
Corey@bradpistotniklaw.com
*Attorney for Defendant and Third-Party Plaintiffs*

**THIRD PARTY COMPLAINT AND CLAIMS AGAINST HAZEL BARRAGAN BROUGHT BY DEFENDANTS AND THIRD-PARTY PLAINTIFFS, GEISER PAZ, INDIVIDUALLY AND ON BEHALF OF S.Y.P.G. a minor, AS FATHER, NEXT BEST FRIEND AND LEGAL GUARDIAN, and DONILDA MARIBEL GUTIERREZ PORTILLO**

Defendants and Third-Party Plaintiffs, through counsel Bradley A. Pistotnik and J. Corey Sucher of Brad Pistotnik Law, P.A. and for their claims against Hazel Barragan, state:

1. Defendant and Third-Party Plaintiff, Geiser Paz, is a resident of the State of Kansas.

2. Defendant and Third-Party Plaintiff, S.Y.P.G., minor, is a resident of the State of Kansas and the action for her bodily injuries is brought by and through Geiser Paz, her father, next best friend, and legal guardian.

3. Defendant and Third-Party Plaintiff, Donilda Maribel Gutierrez Portillo, is a resident of the State of Kansas.

4. This Court has proper venue and jurisdiction over the persons and subject matter due to Plaintiff Dairyland filing this pleading in Federal Court on the basis of diversity with

4

claims exceeding seventy-five thousand dollars ($75,000.00). This Court has supplemental jurisdiction per 28 U.S.C. § 1367(a), as the claims are so related to the claims in the present action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Further, under 28 U.S.C. § 1367(b), this Court's exercising supplemental jurisdiction over such claims would not be inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332. Further, per 28 U.S.C. § 1367(c), the addition of these claims does not raise a novel or complex issue of State law; the addition of these claims does not substantially predominate over the interpleader claim that provides the District Court with original jurisdiction; and there has been no dismissal of the claims which provide this Court with original jurisdiction.

5. Third-Party Defendant Hazel Barragan (hereinafter, "3P-Defendant") is a resident of Kansas and may be served with process at 790 D'Lao Drive, Apt. 11, Goodland, Kansas 67735.

6. On or about the 8th day of October, 2018, Defendants and Third-Party Plaintiffs were riding as passengers in a vehicle that was being permissively driven and operated by 3P-Defendant on 22nd Street in Goodland, Sherman County, Kansas when the 3P-Defendant negligently and carelessly failed to yield right-of-way from a stop sign and negligently and carelessly failed to yield right-of-way while turning left, thereby proximately causing an accident and injuries and damages to Defendants and Third-Party Plaintiffs.

7. 3P-Defendant was cited with multiple statutory violations related to the operation of motor vehicles and upon information and belief, has pled guilty to those citations, thereby making an admission against interest.

8. The actions and/or omissions of the 3P-Defendant are negligent and careless, for the following reasons:

    A) Failing to yield right-of-way from a stop sign on a busy highway;

    B) Failing to yield right-of-way while making a left turn;

    C) Operation of a motor vehicle in an incompetent state of driving;

    D) Inattentive operation of a motor vehicle;

    E) Failing to keep a proper lookout;

    F) Failing to take evasive action;

    G) Careless driving;

    H) Violation of municipal ordinance regarding driving in the City of Goodland and statutes of the State of Kansas regarding driving rules;

    I) Other negligent actions and/or omissions, to be supplemented after discovery.

9. As a further direct and proximate result of the negligent and careless actions and/or omissions of 3P-Defendant, as aforesaid, Defendant and Third-Party Plaintiff Geiser Paz, was injured. He received injuries to his body, including, but not limited to, his left shoulder; left upper extremity; chest; spine including neck and upper back; head; may have had aggravation to a pre-existing condition and was otherwise injured. Defendant and Third-Party Plaintiff Geiser Paz has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future the he will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Third-Party Plaintiff Geiser Paz has

been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

10. As a further direct and proximate result of the negligent and careless actions and omissions of the 3P-Defendant, as aforesaid, the Defendant and Third-Party Plaintiff Donilda Maribel Gutierrez Portillo, was injured. She received injuries to her body, including, but not limited to, a fractured pelvis with significant multiple fractures to the acetabulum; underwent surgery with an open reduction and fixation to the left pelvic ring fracture; had damage to the spine and SI joint which was dislocated; was non-weightbearing for a significant period of time, was flown by air ambulance to the Swedish Medical Center in Denver; was admitted as a trauma patient; underwent pain management and other treatment; may have had aggravation to a pre-existing condition and was otherwise injured. Defendant and Third-Party Plaintiff Donilda Maribel Gutierrez Portillo has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, she will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Defendant and Third-Party Plaintiff Donilda Maribel Gutierrez Portillo has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

11. As a further direct and proximate result of the negligent and careless actions and omissions of the 3P-Defendant, as aforesaid, Defendant and Third-Party Plaintiff S.Y.P.G, minor, was injured.  She received injuries to her body, including, but not limited to: neck and spine; chest; pelvis; right shoulder; may have had aggravation to a pre-existing condition and was otherwise injured. Defendant and Third-Party

Plaintiff S.Y.P.G has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, she will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Defendant and Third-Party Plaintiff S.Y.P.G has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

Defendants and Third-Party Plaintiffs pray for judgment against 3P-Defendant, each individually, in an amount in excess of seventy-five thousand dollars ($75,000.00), for costs herein, for attorney fees where allowed by law, for an equitable distribution of the proceeds of the Plaintiff Dairyland's insurance policy, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626
J. Corey Sucher, #27789
10111 E. 21st Street, Suite #204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
Brad@bradpistotniklaw.com
Corey@bradpistotniklaw.com
*Attorney for Third-Party Plaintiffs*

## **DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COMES NOW the Defendants and Third-Party Plaintiffs and demand a pretrial conference and a trial by jury in this matter.

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626
*Attorney for Third-Party Plaintiffs*

## **DESIGNATION FOR PLACE OF TRIAL**

COMES NOW the Defendants and Third-Party Plaintiffs and designate Wichita, Kansas as the place for trial in this matter.

> */s/ Bradley A. Pistotnik*
> Bradley A. Pistotnik, #10626
> *Attorney for Third-Party Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system on the 31st Day of May, 2019 and to all parties by the following methods:

### **CM/ECF and Electronic Mail**

W. James Foland
John M. Brigg
1200 Main Street, Suite 2200
Kansas City, Missouri 64105-2159
Telephon: 816-472-7474
Fax:816-472-6262
jfoland@fwpclaw.com
jbrigg@fwpclaw.com
*Attorneys for Plaintiff Dairyland Insurance*

### **Certified Mail and Certified Mail with Return Receipt Requested**

Brilean Xiomara Gutierrez Portillo
509 Ohio Street
Tribune, Kansas 67879

### **Certified Mail with Return Receipt Requested and Electronic Mail**

Chris Sook
**JETER TURNER SOOK BAXTER, LLP**
1200 Main, Suite 101
Chestnut Building
Hays, Kansas 67601
Telephone: 785-628-8226
csook@jeterlawoffice.com
*Attorney for Defendant Megan Wiseland Rasure,*
*Defendant E.R., by and through Megan Wiseland Rasure,*
*And Defendant M.R., by and through Megan Wiseland Rasure*

9

Brad Russell
**SANDERS WARREN RUSSELL & SCHEER, LLP**
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone: 913-234-6100
Fax: 913-234-6199
b.russell@swrsllp.com
*Attorney for Third Party Defendant Hazel Barragan*

                                              */s/ Bradley A. Pistotnik*
                                              Bradley A. Pistotnik, #10626
                                              *Attorney for Third-Party Plaintiffs*